THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL LEE ROBERTS, Defendant-Appellant.

Fourth District   No. 4—89—0002

Opinion filed October 12, 1989.—Rehearing denied October 31, 1989.

Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle and Robert J. Biderman, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

■ In *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, a defendant was charged with and convicted of attempt (burglary). The alleged substantial step toward the commission of burglary was that he had pulled a screen from a window and then broke that window of a building with the intent to enter the building and commit a theft. The supreme court held that defendant was entitled to an instruction on the offense of criminal damage to property (Ill. Rev. Stat. 1983, ch. 38, par. 21—1(a)), the commission of which offense was supported by the evidence. Here, an accused was charged with (1) burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1); and (2) attempt (burglary) (Ill. Rev. Stat. 1987, ch. 38, par. 8—4), the substantial step toward the commission of which was the breaking of a window of a certain building with the intent to commit theft. The evidence was sufficient to support a conviction of criminal damage to property, but the circuit court refused the instruction. The State was then given leave, over defense objection, to dismiss the attempt (burglary) charge. We conclude the dismissal of the attempt (burglary) charge distinguishes this case from *Bryant* and cured any error in the refusal of the criminal damage to property instruction.

The defendant here is Russell Lee Roberts, who was charged with the described offenses by an information filed in the circuit court of Macon County on August 16, 1988. After a jury trial, the defendant was convicted of burglary on November 21, 1988. On December 2, 1988, the court sentenced defendant to 22 years' imprisonment. He has appealed, contending the evidence did not support the verdict and the court erred by refusing instructions he tendered as to the offenses of both attempt (burglary) and criminal damage to property. We affirm.

The evidence was neither extensive nor complicated. It showed that Richard McDonald was in the business of selling insurance, and his Decatur office had been intact when closed on Friday, August 12, 1988. Mary Covey testified that, the next day, Saturday, August 13, 1988, at approximately 9:45 p.m. she saw two men outside that building. She said one man threw rocks at the building and then walked to the back of the building while the other man ran away. Two police officers testified that, upon receiving a report from Covey, they drove to the building, arriving at 9:49 p.m., and saw

defendant standing outside the building at ground level and near two broken windows. The officers' testimony further indicated that, upon entering the building, they found: (1) two rocks, papers, and broken glass on the floor beneath the broken windows; (2) circular scratches on an interior door of the office; (3) a telephone jack which had been pulled from a wall; and (4) an ashtray and chair had been moved from what other testimony described as their usual positions. Evidence also showed that five sheets of the paper on the floor contained red stains made by blood of the same type as that of the defendant. Testimony also indicated a wire basket which had been on a bookcase approximately four feet off the floor was found on the floor. Fingerprints identified as those of the defendant were found on glass fragments outside the building. Those prints appeared on fragments of both dark exterior window glass and light interior glass. No showing was made that anything of substance had been taken from the building. The evidence was undisputed defendant had no authority to enter the building.

Defendant's evidence consisted entirely of his own testimony. He gave the following explanation of his presence and conduct on the evening of Saturday, August 13, 1988, at the building where McDonald had his office. The previous day he had telephoned the office of the building's owner and talked to a person whom he could not identify. He asked that person about obtaining employment and had been treated rudely. Then, the next night, after he had consumed four or five beers, he walked by the building, and, on impulse, he decided to get revenge. He picked up a large rock and tried to throw it at a window, but the rock did not reach the window, so he pushed it against the window, breaking the window but also cutting his hand on the broken glass. He then picked up a smaller but heavier rock and threw it through the window. He then took a brick from a nearby pile and was about to attempt to break the front door when the police arrived. Defendant stated he did not enter the building and had no intent to do anything other than to damage the building. He stated he was alone at the time.

▮ The question of whether the evidence supported the verdict finding defendant guilty of burglary depends upon the sufficiency of the circumstantial evidence (1) to show defendant entered the building; and (2) to create a sufficiently strong inference that, in doing so, he intended to commit a theft as alleged in the information. The testimony of the defendant was disputed by the testimony of Covey that two men were together at the building and was greatly weakened by his inability to identify who he talked to in seeking work. Even

though proof of defendant's guilt depended upon circumstantial evidence, the prerogative of the jury to determine the credibility of witnesses entitled it to reject the testimony of the defendant here. (*People v. Locascio* (1985), 106 Ill. 2d 529, 537, 478 N.E.2d 1358, 1361.) For reasons we will explain, we hold the circumstantial evidence was sufficient for a reasonable jury to find, beyond a reasonable doubt, that every element of the burglary had been proved. *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.

The evidence of entry here is shown by the blood on the paper below the broken window, and the damage done to the property inside the building. Defendant maintains the existence of the blood can be reasonably explained upon a theory that defendant cut himself while breaking the window. However, the blood would not have been likely to have fallen inside the window if defendant merely threw a rock through the window or even if he had pushed a rock against the window. Nor would his fingerprints likely have been on glass fragments from both an interior and exterior window. The existence of this blood and these fingerprints can only be explained on a basis that defendant stuck his hand well inside the window. In *People v. Palmer* (1980), 83 Ill. App. 3d 732, 404 N.E.2d 853, this court held a sufficient entry to support a burglary conviction occurred when an accused punched a hole in a roof of a building and entered parts of his body into that building. See also *People v. Songer* (1963), 28 Ill. 2d 433, 192 N.E.2d 861; *People v. Roldan* (1968), 100 Ill. App. 2d 81, 241 N.E.2d 591.

The existence of the blood on the paper was, of itself, enough to prove entry by defendant. The existence of the damage to the property inside the building and fingerprints on the interior glass was further proof of defendant's entry. The time frame between the breaking of the windows and the finding of the damage inside the building by police was such as to negate any theory that defendant broke the window, but one or more other persons, for whom defendant was not accountable, then entered the building and damaged the property. One or more other people could have entered the building after it was closed the previous Friday evening and before defendant broke the window and created the described damage. However, the likelihood of this happening was extremely remote, particularly in light of the fact no other indication of an entry to the building was shown. The jury could properly have disregarded such an hypothesis.

Citing *People v. King* (1985), 135 Ill. App. 3d 152, 481 N.E.2d 1074, defendant maintains the fact his fingerprints were found outside the building but not inside the building is of great significance.

There, an accused was convicted of burglary of both a house and an unattached garage. The appellate court deemed the circumstantial evidence sufficient to support the burglary of the garage, where defendant's prints were found, but not the house, where no prints of the accused were found. In pointing out the lack of proof of the entry of the accused into the house, the *King* court did mention that a person who left prints in a garage while committing a burglary would also likely leave prints in a house if he committed a burglary of that house. Without passing upon whether we agree with that conclusion, we note the *King* court did not deem the lack of prints in the house to be the determinative factor in the case. Rather, the determinative factor there was that *no* evidence existed of an entry into the house by the accused.

■■ Defendant concedes the general rule that, where, as here, unauthorized entry into a building containing valuable property is shown, the trier of fact may infer the entry was made with intent to commit a theft. However, defendant points out that, in *People v. Johnson* (1963), 28 Ill. 2d 441, 443, 192 N.E.2d 864, 866, the court stated this rule was applicable only "in the absence of inconsistent circumstances." We do not consider the facts alleged in defendant's testimony to constitute "inconsistent circumstances" within the *Johnson* concept because the jury could properly disbelieve the explanation given by defendant. Other evidence showed defendant entered a building which contained personal property of value and which could be stolen. This gave rise to an inference that defendant entered with the intent to steal. *People v. Bryant* (1979), 79 Ill. App. 3d 501, 398 N.E.2d 941.

In contending defendant's intent to commit a theft cannot be inferred from the evidence here, defendant points out that the office had been ransacked but nothing of significance taken. In *People v. Rhodes* (1981), 85 Ill. 2d 241, 422 N.E.2d 605, the principal question was whether proof of the fingerprints of that accused near a door to a house which had been broken into was sufficient to enable the jury to properly determine the accused was the person who had broken into the house. The court concluded that evidence was sufficient, and the circumstantial evidence supported the conviction. There, as here, the evidence showed a ransacking of the house but no taking of the property. This case differs from *People v. Ehrich* (1988), 165 Ill. App. 3d 1060, 519 N.E.2d 1137, and *People v. Perry* (1971), 133 Ill. App. 2d 230, 272 N.E.2d 766, cited by defendant, where substantial evidence, much of it undisputed, indicated that intruders charged with burglary with intent to commit theft had other intentions when

breaking into houses.

The evidence supported the burglary conviction.

Finally, we come to the questions involved in the court's denial of defendant's requested instructions on attempt (burglary) and criminal damage to property. Ironically, at the time the court sustained the State's objection to the attempt instruction, a count of the information filed by the State which charged attempt (burglary) was still pending. It was pending throughout the conference on instructions and at the time of the court's rulings thereon. Then, when the existence of the count became apparent, the State, over defense objection, was permitted to dismiss that count. We will again refer to the question of the existence of that count at that time, but we do not find any prejudice to have occurred to defendant because that count was dismissed after, rather than before, the conference and ruling on instructions.

■ The parties agree a defendant is entitled, *under certain circumstances*, to have the jury instructed as to an offense less serious than that with which the defendant is charged. The most definitive opinion in this regard is that in the fairly recent decision in the previously mentioned case of *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, which we shall hereafter refer to as *Bryant* in distinction to *People v. Bryant* (1979), 79 Ill. App. 3d 501, 398 N.E.2d 941, also mentioned earlier. *Bryant* explained that the purpose of such a rule is to permit a jury, deeming the defendant not guilty of the charged offense but reluctant to completely acquit, an opportunity to find the defendant guilty of a lesser offense if the jury finds the proof of the lesser offense strong enough to convict. The opinion cited *Keeble v. United States* (1973), 412 U.S. 205, 212-13, 36 L. Ed. 2d 844, 850, 93 S. Ct. 1993, 1997-98.

As indicated in *Bryant*, the less serious offense upon which an instruction is required must be, in the larger sense, an included offense of the charged offense. Section 2—9 of the Criminal Code of 1961 (Code) defines the phrase "included offense" in these words:

" 'Included offense' means an offense which

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or

(b) Consists of an attempt to commit the offense charged or an offense included therein." (Ill. Rev. Stat. 1987, ch. 38, par. 2—9.)

The *Bryant* opinion explained that the foregoing definition does not

decide the question of whether one offense is determined to be an included offense of another on the basis of (1) the abstract definition of the more serious crime, (2) the allegation of that crime in the charge, or (3) the elements of the more serious crime as proved at trial.

■ Clearly, the offense of attempt (burglary) was an included offense of burglary as section 2—9(b) of the Code expressly provides that an attempt to commit an offense is an included offense of the offense attempted. However, as we have previously indicated and as this court has stated, for a defendant to be entitled to an instruction on an included offense, "the evidence must permit a jury to rationally find [that] defendant guilty of the lesser offense and acquit him of the greater." (*People v. Reynolds* (1987), 152 Ill. App. 3d 216, 218, 504 N.E.2d 163, 165, citing *Bryant*, 113 Ill. 2d 497, 499 N.E.2d 413; *People v. Perez* (1985), 108 Ill. 2d 70, 81, 483 N.E.2d 250, 255, *cert. denied* (1986), 474 U.S. 1110, 88 L. Ed. 2d 931, 106 S. Ct. 898.) Thus, the question of whether this defendant was entitled to an instruction on attempt (burglary) depends entirely upon whether the evidence called for the giving of the instruction.

The evidence in *Reynolds* was remarkably similar to that here. A house trailer was entered and various objects moved, but no evidence indicated any property was taken. The defendant was found near the trailer, admitted he had walked around the building, but denied any entry into the building or intent to enter or to commit a theft. The *Reynolds* court concluded the trailer was either burgled by that defendant or someone else. No evidence indicated he attempted to do so and then stopped before making an entry. The offense of burglary is committed by an entry with the required intent. Subsequent conduct is of significance only to the extent it bears upon the prior intent.

■ Here, as in *Reynolds*, the undisputed evidence showed an entry into the structure involved. No evidence showed defendant attempted to enter to commit a theft and was unable to do so. His explanation, which the jury could believe, but was not required to do so, was that he never intended to commit a theft. He maintains he merely intended to damage the building owner's property. As in *Reynolds*, defendant was not entitled to an attempt (burglary) instruction.

The most serious and complicated problem concerns the court's refusal to instruct on the offense of criminal damage to property. That offense is defined by section 21—1 of the Code, which describes, as one of the types of conduct which constitute the offense, "[k]nowingly [damaging] any property of another without his con-

sent." (Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a).) Here, as in *Bryant*, the defendant relies upon the foregoing statutory language in contending the offense of criminal damage to property was an included offense for which an instruction on criminal damage to property was required under the facts shown. Under the abstract statutory definition, this type of criminal damage to property is not an included offense of burglary or attempt (burglary) because it is not proved by "the same or less than all the facts" of burglary or attempt (burglary). Criminal damage to property has the element of damage to property, which is not an element of burglary which merely requires an unauthorized entry with the requisite intent (Ill. Rev. Stat. 1987, ch. 38, par. 19—1(a)); nor of attempt, which does not require any particular act or a substantial step towards the commission of the intended offense (Ill. Rev. Stat. 1987, ch. 38, par. 8—4(a)).

In regard to tests for determining whether one offense is an included offense of another beyond the abstract definition test, the supreme court explained in *Bryant* that in *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633, it had rejected a broad test which would require giving, if supported by the evidence, an instruction upon a less serious offense if that offense was inherently related to the charged offense. However, as the court noted, in *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, the court held the giving of an instruction on theft was necessary in the circumstances there where a defendant had been tried on a charge of burglary based upon an entry with intent to commit theft. The basis of that decision was that the information had charged an intent to commit theft, and the evidence tended to prove the commission of theft. See *People v. Schmidt* (1988), 126 Ill. 2d 179, 533 N.E.2d 898.

The *Bryant* decision concerns the requirement to give the included offense instruction when the elements of the included offense are, in a broad sense, included in the offense charged and the evidence that develops at trial proves the included offense. That decision was based on the fact that the charge there had "set out the main outline of the lesser offense" for which an instruction was sought. (*Bryant*, 113 Ill. 2d at 505, 499 N.E.2d at 416.) There, as under the dismissed attempt count here, the alleged substantial step toward the commission of the offense was the breaking of a window. Thus, although damage to property entered is not a necessary element of burglary or attempt (burglary), the charge of the attempt count in both cases alleged damage by alleging breaking of a window. There, because the attempt (burglary) charge had alleged that defendant acted with intent to knowingly enter the building where the property

was damaged, that allegation was deemed to outline the mental state of knowledge which is the mental state for the offense of criminal damage to property.

In *Bryant*, the court also explained that, there, the jury could infer defendant's responsibility for the damage to the property without also inferring his intent to commit theft. Here, the attempt (burglary) charge contained the similar "main outline" for the criminal damage to property charge, and the jury could have inferred the necessary mental state to find this defendant guilty of criminal damage to property without inferring he had an intent to commit theft. This would be so regardless of whether the jury believed defendant entered the office building.

Accordingly, here, if the count charging attempt (burglary) had not been dismissed, the court would have erred in refusing the criminal damage to property instruction. The defense apparently recognizes that, absent the attempt (burglary) count, it would not have been entitled to such an instruction. The defense phrases its claim of error in terms that the court erred in allowing the dismissal of the count. However, there are almost no constraints upon a prosecutor's decision to dismiss a charge, and the few that do exist have no application to this case. Thus, we hold the question for us to decide is whether the existence of the attempt (burglary) charge until just before the case was submitted to the jury was sufficient to require the giving of the criminal damage to property instruction.

The *Bryant* opinion indicates a continued rejection of the inherent relationship test and expressly shows a continuing policy of maintaining limits upon the theory by which an instruction upon a less serious offense is required. (*Bryant*, 113 Ill. 2d at 507, 499 N.E.2d at 417.) The purpose of requiring the giving of these instructions is to enable the jury to acquit on the graver charge while convicting on an included charge. When the graver charge is not submitted to the jury, regardless of when that charge is dismissed, the purpose of the included offense instruction no longer exists. The supreme court has rejected the theory that an instruction should be given to enable the jury to acquit of a graver charge while convicting of a less serious charge which does not come within the expanded included offense concepts described in *Bryant*.

■ The burglary charge did not require the giving of the criminal damage to property instruction because the burglary charge said nothing about the breaking of a window and thus gave no "broad outline" of the criminal damage to property offense. This is so even though criminal damage to property in this case is an included of-

fense of attempt (burglary), which in turn is an included offense of burglary. We recognize the effect of our holding here is to rule that an included offense (criminal damage to property) of an included offense (attempt (burglary)) of a principal offense (burglary) is not an included offense (criminal damage to property) of the principal offense (burglary). While the *Bryant* and *Dace* decisions have broadened the definition of "included offense" for purposes of giving juries an alternative guilty verdict to consider, the supreme court in *Bryant* stated it had explicitly rejected the "inherently related" test to determine whether an included offense instruction should be given. Only under the rejected "inherently related" test could criminal damage to property be considered an included offense to burglary as charged here.

As we have indicated, we affirm the judgment of conviction and sentence.

Affirmed.

McCULLOUGH, P.J., and STEIGMANN, J., concur.