THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MELVIN L. BOOKER, Defendant-Appellant.

Second District   No. 2—89—1111

Opinion filed June 6, 1991.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Defendant, Melvin L. Booker, was found guilty by a jury in the circuit court of Lake County of the offense of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) and was sentenced to a five-year term of imprisonment.

Defendant raises one issue on appeal: whether he was denied the effective assistance of counsel because his trial attorney failed to tender a jury instruction on the offense of criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(1)(a)).

Defendant was charged by information with committing the offense of burglary arising from defendant's act of entering the Zion

public works building without authority and with the intent to commit a theft therein on August 9, 1989. At trial, the State presented evidence that Zion police officers were summoned to the public works building at 1 a.m. on August 9, 1989, in response to a burglar alarm. An employee arrived and unlocked the gate to let the officers inside. A garage door which could only be opened from the inside was found open. The police officers entered the building, where they found defendant. He was placed into custody. The officers continued to search the building. One of the officers found a shoe print on a window sill by a broken window. The officers also discovered that desks had been pushed out of place, and other items were in disarray. In addition, a telephone and a typewriter, which had been on a desk when the building was locked earlier in the evening, were piled on a chair.

Defendant did not present any evidence. During the conference on instructions, defense counsel tendered an instruction on the offense of criminal trespass to land. The court refused to give the instruction because that offense was not a lesser included offense of burglary. See *People v. Harman* (1984), 125 Ill. App. 3d 338, 465 N.E.2d 1009.

■ Defendant contends on appeal that he was denied the effective assistance of counsel because defense counsel failed to tender an instruction for the offense of criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(1)(a)). To determine whether a defendant has been denied the effective assistance of counsel, reviewing courts use the two-part test established in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064, and followed by our supreme court in *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255: (1) defense counsel's representation of defendant must have fallen below an objective standard of reasonableness; and (2) counsel's shortcomings must be so serious as to have deprived the defendant of a fair, reliable trial.

Defendant, citing *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, argues that counsel's failure to offer the instruction constituted reversible error. According to defendant, he was entitled to an instruction on his theory of the case, including an instruction defining a lesser included offense. (See *Keeble v. United States* (1973), 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847, 93 S. Ct. 1993, 1995.) Defendant asserts that, because there was evidence that a window was broken, there was evidence indicating that he committed the offense of criminal damage to property. Defendant concludes that, as defense counsel failed to tender the instruction, the jury was not able to find him guilty of the lesser included offense.

██ Defendant would be correct if criminal damage to property were a lesser included offense of burglary. We agree with the State, however, that under the statutory definition of the offenses, criminal damage to property is not a lesser included offense of burglary, as not all of the elements of the former offense are also elements of the latter offense. *People v. Roberts* (1989), 189 Ill. App. 3d 66, 74, 544 N.E.2d 1340; *People v. Fico* (1985), 131 Ill. App. 3d 770, 773, 476 N.E.2d 47; *People v. Vasquez* (1981), 97 Ill. App. 3d 1142, 1143, 424 N.E.2d 42.

██ Nor do we believe defendant was entitled to an instruction on criminal damage to property as a lesser offense of burglary under the test set down in *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, later followed in *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413. In *Dace*, while expressly rejecting the "inherent relationship" test, our supreme court stated that, where the information charges residential burglary with intent to commit a theft and the evidence would support a conviction of theft, a defendant is entitled to an instruction on the lesser offense, even though it is not an included offense. (*Dace*, 104 Ill. 2d at 103, 470 N.E.2d at 996.) In *Bryant*, where the charge was attempted burglary and the defendant sought an instruction on criminal damage to property, the court followed *Dace*, explaining that "the lesser offense must have a broad foundation in the instrument charging the greater" offense. *Bryant*, 113 Ill. 2d at 505, 499 N.E.2d at 416.

However, subsequently in *People v. Schmidt* (1988), 126 Ill. 2d 179, 533 N.E.2d 898, our supreme court held that where an accused is charged with a single offense, he cannot be found guilty of an offense not charged unless it is a lesser included offense. (*Schmidt*, 126 Ill. 2d at 183, 533 N.E.2d at 900.) The court reiterated the State constitutional protection against double jeopardy as the basis of this rule, since an accused may not be convicted of both the greater and lesser included offense based on the same act. (*Schmidt*, 126 Ill. 2d at 184, 533 N.E.2d at 900.) The court found that the defendant could not be convicted of theft because the information only charged the offense of residential burglary, and theft is not a lesser included offense of residential burglary. The court stated the following:

> "In concluding that where an accused is charged with a single offense he cannot be found guilty of an offense not charged unless it is a lesser included offense, we are not unaware of *People v. Dace* [citation]. We would observe that in *Dace* the fundamental question just stated was not presented to or con-

sidered by the court." *Schmidt*, 126 Ill. 2d at 184-85, 533 N.E.2d at 901.

The State cites the recent opinion of the Appellate Court for the Fourth District, *People v. Johnson* (1990), 206 Ill. App. 3d 318, 564 N.E.2d 232, which concluded that *Schmidt* is irreconcilable with *Dace* and *Bryant* because the *Schmidt* holding was based on "the fundamental principle that one charged with a single offense cannot be found guilty of an uncharged offense unless it is an included offense of the charged offense." *Johnson*, 206 Ill. App. 3d at 320, 564 N.E.2d at 234; see also *People v. Schnurr* (1990), 206 Ill. App. 3d 522, 536, 564 N.E.2d 1336 (Reinhard, J., specially concurring).

We agree with the court in *Johnson*. Based on the above-quoted comment, we believe that the supreme court in *Schmidt* stated the sole issue presented in *Dace* was whether the inherent relationship test was valid under Illinois law and was not asked to consider the double jeopardy ramifications of a conviction of an uncharged offense. We interpret *Schmidt* as holding that the court in *Dace* had not been presented with the issue whether an accused charged with a single offense can be found guilty of an uncharged offense which is not a lesser included offense. Thus, the *Schmidt* rule must be followed when a court is presented with the issue of whether an instruction on a lesser uncharged offense should be given. We, therefore, conclude that, according to *Schmidt*, a defendant cannot be convicted of an uncharged offense which is not a lesser included offense.

In the instant case, as criminal damage to property is not a lesser included offense of burglary, trial counsel was not ineffective for his failure to tender an instruction on criminal damage to property.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and UNVERZAGT, JJ., concur.