THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICARDO F. MALDONADO, Defendant-Appellant.

Second District    No. 2—90—0425

Opinion filed January 30, 1992.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, Robert C. Cooper, of State Appellate Defender's Office, of Chicago, and John R. Wimmer, of Downers Grove, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Ricardo F. Maldonado, was found guilty following a jury trial of the offenses of armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2), unlawful delivery of more than 15 grams but less than 100 grams of a controlled substance containing cocaine (Ill. Rev. Stat., 1988 Supp., ch. 56½, par. 1401(a)(2)) and unlawful possession of more than 15 grams but less than 100 grams of a substance containing cocaine (Ill. Rev. Stat., 1988 Supp., ch. 56½, par. 1402(a)(2)). Defendant was sentenced to concurrent 15-year terms of imprisonment for the armed violence and unlawful delivery offenses. He was also assessed a street value fine in the amount of $5,600 and was ordered to pay court costs.

Defendant raises three issues on appeal: (1) whether the trial court erred by refusing to submit jury instructions regarding the offense of unlawful use of weapons as a lesser included offense of armed violence; (2) whether the evidence supported the $5,600 street value fine imposed; and (3) whether the cause should be remanded for correction of the mittimus and written judgment and sentence.

At trial, the testimony revealed that a confidential informant approached defendant regarding purchasing two ounces of cocaine. Defendant later met the informant and Brian Lucas, a Hoffman Estates police officer assigned to the Metropolitan Enforcement Group (MEG), an undercover narcotics investigation group, at the bar area of a Holiday Inn. A price of $2,700 was agreed upon for the cocaine. Defendant left for a few minutes and then returned and motioned for Lucas to follow him. They went into a hallway. Lucas showed defendant the money, and defendant handed Lucas two plastic baggies which contained white powder. Lucas then activated a signal, and other agents came into the Holiday Inn to arrest defendant. When defendant saw two of the agents coming in, he pulled a handgun from inside

of his belt. Defendant then ran. According to Lucas, defendant ran into a locked men's room door at which time the handgun fell to the ground. Defendant testified that he threw the gun to the ground. Defendant was then arrested.

Lucas testified that he recovered the handgun. It was a silver-plated .32 caliber automatic and was loaded with eight bullets. A forensic scientist testified that the two baggies of white powder contained a total of 53.6 grams of a substance containing cocaine.

Following the testimony, a jury instructions conference was held. Defendant requested an instruction regarding the offense of unlawful use of weapons, asserting that this offense was a lesser included offense of armed violence. The requested instruction stated:

> "A person commits the offense of unlawful use of weapons when he knowingly carries a firearm concealed on or about his person except when on his land, in his abode, or in his fixed place of business."

Defendant acknowledged that concealment, an element of unlawful use of weapons, was not "strictly speaking" an element of armed violence. He argued, however, that the test was whether "the jury could possibly find the defendant guilty of the greater, in this case armed violence, without also finding him guilty of the lesser, in this case unlawful use of weapons." Defendant concluded that this test was met because there was "no way under the facts of this case that the defendant could be found guilty of armed violence unless he were also found guilty of unlawful use of weapons." The court, however, determined that unlawful use of weapons was not a lesser included offense of armed violence and refused the instruction.

The armed violence instruction given to the jury stated:

> "A person commits armed violence when he commits the offense of Unlawful Possession of Controlled Substance while armed with a dangerous weapon.
>
> A person is considered armed with a dangerous weapon when he carries on or about his person or is otherwise armed with a handgun."

The jury found defendant guilty of the offenses of armed violence, unlawful delivery of more than 15 grams but less than 100 grams of a substance containing cocaine and unlawful possession of more than 15 grams but less than 100 grams of a substance containing cocaine. Defendant filed a motion for judgment notwithstanding the verdict or for a new trial. He raised, among other things, the issue of the court's failure to give an instruction regarding the offense of unlawful use of weapons.

Defendant's motion was denied, and a sentencing hearing was held. The court sentenced defendant to a term of 15 years' imprisonment for the armed violence offense and a concurrent term of 15 years' imprisonment for the unlawful delivery offense. The court also ordered defendant to pay court costs and assessed a street value fine of $5,600. The court also stated that the unlawful possession charge would be dismissed as it was a lesser included offense of armed violence. However, the mittimus states that defendant was convicted of all three offenses and that a term of imprisonment of 15 years was imposed as to each offense, to run concurrently. Defendant filed a timely notice of appeal.

On appeal, defendant first argues that the trial court erred by refusing to submit the instruction regarding the offense of unlawful use of weapons to the jury. He contends, relying on *People v. Bryant* (1986), 113 Ill. 2d 497, and *People v. Roberts* (1989), 189 Ill. App. 3d 66, that a trial court is required to give the included offense instruction "when the elements of the included offense are, in a broad sense, included in the offense charged and the evidence that develops at trial proves the included offense." (*Roberts*, 189 Ill. App. 3d at 74.) He asserts that, in this cause, the evidence justified giving instructions on the lesser charge.

The State argues that, based on this court's decision in *People v. Booker* (1991), 214 Ill. App. 3d 286, and based on *People v. Schmidt* (1988), 126 Ill. 2d 179, defendant was not entitled to a jury instruction regarding an offense of which he could not be convicted. We agree.

This court, in *Booker*, held that the rule set out in *Schmidt* "must be followed when a court is presented with the issue of whether an instruction on a lesser uncharged offense should be given." (*Booker*, 214 Ill. App. 3d at 289.) The court in *Schmidt* held that an accused cannot be convicted of an offense that was not charged unless that offense is a lesser included offense of the one charged. (*Schmidt*, 126 Ill. 2d at 183; see also *People v. Austin* (1991), 216 Ill. App. 3d 913, 916.) Therefore, under *Schmidt*, an instruction on a lesser, uncharged offense may not be given unless that offense is a lesser included offense of the offense charged. (*Austin*, 216 Ill. App. 3d at 916; *Booker*, 214 Ill. App. 3d at 288-89.) Defendant's reliance on *Bryant* is therefore misplaced. *Bryant* relied on *People v. Dace* (1984), 104 Ill. 2d 96. We conclude, as we did in *Booker*, that *Schmidt* is irreconcilable with *Dace* and *Bryant* and that *Schmidt* must be followed. *Booker*, 214 Ill. App. 3d at 289.

■ The critical inquiry therefore is whether the offense of unlawful use of weapons is a lesser included offense of armed violence. A lesser included offense is an offense which contains some but not all of the elements of the greater offense and contains no element not included in the greater. (*People v. Newbern* (1991), 219 Ill. App. 3d 333, 352; see also Ill. Rev. Stat. 1989, ch. 38, par. 2—9.) It is therefore impossible to commit the greater offense without committing the lesser included one. (*Austin*, 216 Ill. App. 3d at 916.) Defendant was not entitled to the requested instruction unless all of the elements of unlawful use of weapons are also elements of armed violence. (See *Booker*, 214 Ill. App. 3d at 288.) Defendant has essentially conceded that that is not the case.

Section 33A—2 of the Criminal Code of 1961 (Code) states that a "person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2.) The relevant portion of section 24—1 of the Code, however, provides:

"A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries or possesses \*\*\* concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm." Ill. Rev. Stat. 1989, ch. 38, par. 24—1(a)(4).

■ Under this portion of the statute, an element of the offense of unlawful use of weapons is that the firearm be concealed. (*People v. Schuford* (1977), 50 Ill. App. 3d 408, 410.) Another material element of the offense of unlawful use of weapons is that the possession occur while the defendant is not on his own land or in his abode or fixed place of business. (*People v. Preston* (1978), 61 Ill. App. 3d 434, 437.) Neither of these elements is an element of the offense of armed violence. A person clearly could commit the offense of armed violence without committing the offense of unlawful use of weapons. The offense of unlawful use of weapons is not a lesser included offense of the offense of armed violence, and the instruction was properly refused.

■ Defendant next argues, relying on *People v. Taliferro* (1988), 166 Ill. App. 3d 861, that the street value fine of $5,600 must be reduced because there was no evidence that the street value of the controlled substance seized was $5,600. The testimony at trial was that the sale price agreed upon was $2,700. The State contends that our

recent decision in *People v. Garcia* (1991), 217 Ill. App. 3d 350, is dispositive of this issue. Again, we agree with the State.

In *Garcia*, the defendant similarly argued that there was insufficient evidence to support the $8,500 fine imposed. We noted that we held in *People v. Pehrson* (1989), 190 Ill. App. 3d 928, 933, that section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1.1) mandates only a minimum street value fine. We recognized in *Garcia* that other appellate districts had suggested, if not explicitly held, that the section provides for a mandatory fine equal to the demonstrated street value of the substance at issue, including the fourth district in *Taliferro* (166 Ill. App. 3d at 866). We stated, however, that we found no reason to divert from our decision in *Pehrson* and determined that, as the fine imposed was not less than the lowest street value evidenced, it complied with the mandate of section 5—9—1.1. (*Garcia*, 217 Ill. App. 3d at 351-52.) We must reach the same conclusion here.

Defendant's final contention on appeal is that the cause should be remanded for correction of the mittimus as it incorrectly states that a judgment of conviction was entered on all charges. The State has conceded that the mittimus should be corrected because the court did not enter judgment on the offense of unlawful possession of a controlled substance. We note that the court dismissed that charge, and we agree that the mittimus must be corrected to show that no conviction or sentence was entered regarding the offense of unlawful possession of a controlled substance.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed. The cause is remanded to the trial court with directions to correct the mittimus in accordance with this opinion.

Affirmed and remanded.

WOODWARD and INGLIS, JJ., concur.