THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD BANEY, Defendant-Appellant.

Second District   No. 2—90—1121

Opinion filed June 10, 1992.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Edward Baney, defendant, was found guilty of the offense of first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1) by a general verdict entered by a jury. He was sentenced to a term of 25 years' imprisonment. The sole issue on appeal is whether the jury should have been given an instruction on the offense of reckless conduct. For the following reasons, we affirm.

In the early afternoon of January 27, 1990, defendant, age 16, drove his friends Christopher Ster, age 17, and Richard Ster, age 15,

to the North Suburban Library in Loves Park, Illinois. On the ride to the library Christopher stated, without any apparent prodding, that he wanted to kill somebody. Approximately 15 minutes after Christopher made this statement, defendant gave him a butterfly knife with a six-inch blade.

After arriving at the library, the boys looked at some books on martial arts and returned outside. At this time, Christopher stated that he wanted to steal a woman's purse. Defendant went to move his car to a nearby alley, upon suggestion by Christopher, while the Sters returned to the library. While the Ster brothers were in the restroom, the victim, George Reger, age 73, entered. As the victim was about to leave, Christopher embedded the knife into his neck. While the victim attempted to remove the knife, Christopher instructed Richard to take his wallet. Richard walked over to the victim, but was frightened by the amounts of blood. Both boys ran from the library through the back door and into defendant's automobile, which was now parked across the street. While in the automobile, Christopher stated that he killed someone. Both boys knelt on the floorboards while defendant drove home. After Christopher cleaned the knife, defendant returned home and put it in a box. The knife was later recovered by Loves Park police officer Steve Dickson pursuant to a search. A test of the knife disclosed a bloodstain consistent with the blood of the victim.

The victim was still alive after the stabbing. He was taken to the hospital, where he died later that day. An autopsy revealed that the victim incurred three stab wounds to the back of the neck. One substantial wound was one inch wide and three inches deep. The cause of death was determined to be hemorrhagic shock due to the stab wound which injured the vertebral artery.

On January 30, 1990, defendant was charged by indictment with the offense of first degree murder in that he intended to kill or do great bodily harm to the victim. (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1).) An amended bill of indictment, filed April 24, 1990, added a second count of felony first degree murder, in that defendant killed the victim while attempting to commit the forcible felony offense of robbery. (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(3).) Christopher Ster, whose cause proceeded separately, was also named as a defendant in each count.

Defendant's case proceeded to a jury trial, where the State proceeded on an accountability theory. At the instruction conference, the defense tendered an instruction on reckless conduct as a lesser included offense. (See Illinois Pattern Jury Instructions, Criminal, No. 11.13 (2d ed. 1981).) The instruction was denied, and the court in-

structed the jury on the two alternate first degree murder charges of the amended indictment. The jury returned a *general* verdict of guilty of first degree murder.

■ On appeal, defendant contends that the court should have instructed the jury on the offense of reckless conduct as a lesser included offense of first degree murder based solely on defendant's own conduct in relation to the offense. However, defendant was not charged with the offense of reckless conduct. A defendant cannot be convicted of an offense for which he was not charged unless the offense for which he was found guilty is a lesser included offense of the one charged. (*People v. Schmidt* (1988), 126 Ill. 2d 179, 183.) Under *Schmidt*, the court may not give an instruction on a lesser uncharged offense unless it is a lesser included offense of the offense charged. (*People v. Booker* (1991), 214 Ill. App. 3d 286, 288-89; see also *People v. Austin* (1991), 216 Ill. App. 3d 913, 916.) An included offense "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1989, ch. 38, par. 2—9(a).) Stated differently, a lesser included offense is one where its elements are subsumed in the greater offense so that it is impossible to commit the greater offense without committing the lesser included offense. (*People v. Maldonado* (1992), 224 Ill. App. 3d 913, 917; *Austin*, 216 Ill. App. 3d at 916.) An instruction on a lesser included offense will be given upon a defendant's request if there is slight evidence in support of the offense. (*People v. Ivory* (1991), 217 Ill. App. 3d 619, 623.) However, "an included-offense instruction is required only in cases where the jury could rationally find the defendant guilty of the lesser offense and not guilty of the greater offense." *People v. Perez* (1985), 108 Ill. 2d 70, 81, citing *Hopper v. Evans* (1982), 456 U.S. 605, 612-13, 72 L. Ed. 2d 367, 373-74, 102 S. Ct. 2049, 2053-54; see also *Ivory*, 217 Ill. App. 3d at 623.

■ In this case, defendant was convicted of first degree murder on an accountability theory. The law of accountability provides that where two or more individuals engage in a common criminal design, any acts committed by one party are considered acts of the entire group, which can be imputed to every member of the group. (*People v. Carlson* (1992), 224 Ill. App. 3d 1034, 1045.) To establish a defendant's legal accountability for a crime, in this case first degree murder, the State must prove, beyond a reasonable doubt, that the accused solicited, aided, abetted, agreed, or attempted to aid another person in the planning or commission of the offense, that such participation occurred either before or during perpetration of the crime, and that this

participation was *with concurrent specific intent to promote or facilitate commission of the offense.* (Ill. Rev. Stat. 1989, ch. 38, par. 5—2(c); see also *People v. Holloway* (1991), 225 Ill. App. 3d 47, 53.) The key element of accountability is affirmative conduct by the accomplice which aids, encourages, or entices the principal to commit the illegal act. (*Holloway,* 225 Ill. App. 3d at 53.) The specific intent to promote or facilitate the crime necessary to find a defendant guilty of any offense on this theory can be shown by evidence that defendant and the principal shared a community of unlawful purpose. (*People v. Willis* (1991), 217 Ill. App. 3d 909, 922.) Important factors are a defendant's presence during the perpetration of the offense, whether he maintained a close affiliation with his companions after the offense was committed, and whether he fled from the scene or reported the crime. *People v. Coleman* (1991), 223 Ill. App. 3d 975, 992.

In contrast to the mental state of intent required to find a defendant guilty on an accountability theory, a person commits the offense of reckless conduct "if he performs *recklessly* the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 12—5(a).) A person acts recklessly, for purposes of this offense:

> "[W]hen he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow ***; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. An act performed recklessly is performed *wantonly,* within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 4—6.)

To ascertain whether a defendant's actions were reckless or intentional, courts look to the manner in which the weapon was used and the severity of the victim's injuries. *People v. Foster* (1987), 119 Ill. 2d 69, 88; *People v. Solis* (1991), 216 Ill. App. 3d 11, 18.

In this case, defendant contends that he is entitled to an instruction on reckless conduct as a lesser included offense of first degree murder because his actions in providing the knife and the transportation to and from the scene of the crime were reckless. However, defendant was found guilty on an accountability theory. According to the express terms of the statute defining accountability, a defendant can only be found guilty of an offense by this theory if he had the *specific intent* to aid or abet in committing the offense. Thus, a defendant's actions in committing an offense as an accomplice *cannot* be reckless. The mental states are mutually exclusive. For this reason,

we find defendant's contention that he was entitled to a jury instruction on reckless conduct because he acted recklessly in providing the knife to be without merit.

Thus, the issue is not whether *defendant* acted recklessly in providing Christopher Ster, the principal, with the knife, in driving him to the library, or in aiding in his escape. Rather, the issue is whether there was some evidence to suggest that the principal's actions in stabbing the victim were done recklessly. The evidence in this case is clear and uncontradicted that Christopher Ster intentionally stabbed the victim without warning or provocation. The lack of evidence that the fatal act was anything but intentional negates any claim of recklessness. (*People v. McGee* (1991), 213 Ill. App. 3d 458, 470-71; *cf. People v. Mocaby* (1990), 194 Ill. App. 3d 441, 448-50; *People v. Ford* (1987), 163 Ill. App. 3d 497, 504-05.) Thus, defendant was not entitled to an instruction on reckless conduct as a lesser included offense of first degree murder as there was insufficient evidence to conclude that the principal, Christopher Ster, acted recklessly in stabbing the victim.

Furthermore, the jury in this case returned a general verdict finding defendant guilty of first degree murder on the theory of accountability. The jury's return of the general verdict raised a presumption that defendant was found guilty on both counts of first degree murder. (*People v. Thompkins* (1988), 121 Ill. 2d 401, 456.) Thus, the jury implicitly found that the State sustained its burden of proving defendant had the specific intent to promote first degree murder and, also, that there was sufficient evidence to find the principal, Christopher Ster, intended to kill or do great bodily harm to the victim (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1)), which requires the mental state of *intent* (Ill. Rev. Stat. 1989, ch. 38, par. 4—4), or that Ster killed the victim while attempting to commit the forcible felony of robbery (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(3)), which requires no mental state other than to commit the forcible felony.

Even if we assume *arguendo* that reckless conduct is a lesser included offense of first degree murder, it could only have applied to the intentional murder count. The offender's mental state is not at issue in felony murder. Consequently, any error which may have occurred by refusing the reckless conduct instruction could only be attributed to the intentional murder count. Nevertheless, any such error was harmless since a reckless conduct instruction was not factually available on the felony murder charge. Thus, we determine the jury was properly instructed on first degree murder and not reckless conduct because the record is completely devoid of any evidence that the

principal, Christopher Ster, committed the offense wantonly. Ill. Rev. Stat. 1989, ch. 38, par. 4—6.

Moreover, as stated in *People v. O'Neil* (1990), 194 Ill. App. 3d 79, 91, "the offenses of [first degree] murder and reckless conduct require mutually exclusive mental states." Thus, the same evidence of the principal's conduct does not establish, separately, the requisite mental states. See *O'Neil*, 194 Ill. App. 3d at 91.

For the foregoing reasons, we find that the trial court did not abuse its discretion in denying the instruction on reckless conduct tendered by the defense. Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.