NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210710-U

NO. 4-21-0710

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 10, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | McLean County |
| v. | ) | No. 20CF1301 |
| | ) | |
| WANYAE A. MASSEY, | ) | Honorable |
| Defendant-Appellant. | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court affirmed defendant's conviction and sentence for burglary.

¶ 2        In November 2020, the State charged defendant, Wanyae A. Massey, with two

counts of unlawful possession of a weapon by a felon (counts I and II) (720 ILCS 5/24-1.1(a)

(West 2020)), four counts of burglary to a motor vehicle (counts III through VI) (*id.* § 19-1(a)),

obstructing justice (count VII) (*id.* § 31-4(a)(1)), obstructing identification (count VIII) (*id.*

§ 31-4.5(a)), and obstructing a peace officer (count IX) (*id.* § 31-1(a)). Relevant to this appeal is

count V, which alleged that in November 2020, defendant entered a motor vehicle belonging to

Logan Venturi "with the intent to commit therein a theft."

¶ 3        In April 2021, the trial court conducted a bench trial and found defendant guilty

of all four counts of burglary (counts III through VI), obstructing identification (count VIII), and

obstructing a peace officer (count IX). The trial court sentenced defendant to seven years in

prison for each burglary and 180 days in jail for obstructing identification and obstructing a peace officer, with all sentences to be served concurrently.

¶ 4     Defendant appeals, arguing only that the State failed to prove him guilty beyond a reasonable doubt of burglary to Venturi's vehicle (count V) because defendant took no property. We disagree and affirm.

¶ 5                                I. BACKGROUND

¶ 6     In November 2020, the State charged defendant with two counts of unlawful possession of a weapon by a felon (counts I and II), four counts of burglary to a motor vehicle (counts III through VI), obstructing justice (count VII), obstructing identification (count VIII), and obstructing a peace officer (count IX). In April 2021, the trial court conducted a bench trial at which the State presented the following evidence.

¶ 7     On November 25, 2020, Alonzo McMath, who lived at the Parkway Court Apartments in Normal, Illinois, called the police after he saw someone "entering people's cars." He reported that the person was holding a plastic bag and took a shirt or other garment out of the trunk of one of the cars and put it on. Officers from the Normal Police Department responded to the scene.

¶ 8     When Officer Evan Easter arrived at the complex, he "located a black male in a hooded sweatshirt that appeared to be going through cars." He initially saw the man, later identified as defendant, at a white Kia, and then observed him "check multiple cars in the parking lot." Defendant was holding a white plastic bag. Easter radioed for assistance and continued to observe defendant.

¶ 9     Officer John Gaffney arrived to assist Easter and observed defendant in the driver's side of a black Ford Focus. Easter and Gaffney approached the Focus, Gaffney

announced himself, and defendant fled. In doing so, defendant discarded the plastic bag. Gaffney and a third officer pursued defendant on foot and caught him as he tried to climb a fence. Upon his arrest, defendant provided a false name and had on his person cash, a large amount of loose change, phone chargers, and other miscellaneous items. The officers later recovered the plastic bag that defendant had discarded and determined that it also contained a large amount of loose change and the wallet of Donald Brewer. Brewer later reported to the police that his unlocked car, which was parked in the apartment complex parking lot, had been burglarized.

¶ 10 At trial, Brewer testified that "everything was missing" from the center console of his car, including his wallet and change, and that he did not give anyone permission to enter his car. Ford Davis, a resident of the same apartment complex, testified that the trunk of his car was ajar, the inside was "disheveled," and change had been taken from his coin compartment. Leonard Woods testified that he looked over his car and found that "stuff [was] scattered everywhere."

¶ 11 Venturi testified that after police contacted him regarding his vehicle, he went to the parking lot in front of his building and saw that the driver and passenger side doors were open, and the glove compartment had been "ran through." His insurance papers and title information were also pulled out in the car along with his wallet, which contained $10. However, nothing had been taken from the car. We note that defendant chose not to testify and offered no evidence.

¶ 12 The trial court found defendant guilty of four counts of burglary, one count of obstructing identification, and one count of obstructing a peace officer. In September 2021, the court sentenced defendant to seven years in prison for each burglary and 180 days in jail for obstructing identification and obstructing a peace officer, with all sentences to be served

concurrently.

¶ 13    This appeal followed.

¶ 14                    II. ANALYSIS

¶ 15    Defendant appeals, arguing only that the State failed to prove him guilty beyond a reasonable doubt of burglary to Venturi's vehicle (count V) because defendant took no property. We disagree and affirm.

¶ 16            A. The Applicable Law and Standard of Review

¶ 17    " 'The State bears the burden of proving each element of an offense beyond a reasonable doubt.' " *People v. Williams*, 2020 IL App (4th) 180554, ¶ 45, 167 N.E.3d 233 (quoting *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 54, 126 N.E.3d 703). A defendant commits burglary when (1) without authority he knowingly enters or remains within a motor vehicle with (2) intent to commit therein a felony or theft. 720 ILCS 5/19-1(a) (West 2020).

¶ 18    A reviewing court will not "substitute its judgment for that of the fact finder on questions involving the weight of the evidence or the credibility of the witnesses." (Internal quotation marks omitted.) *Sturgeon*, 2019 IL App (4th) 170035, ¶ 55. Additionally, when reviewing a challenge to the sufficiency of the evidence, a reviewing court draws all reasonable inferences from the evidence in favor of the prosecution and "will not reverse the trial court's judgment unless the evidence is so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of the defendant's guilt." *People v. Cline*, 2022 IL 126383, ¶ 25.

¶ 19                    B. This Case

¶ 20    In the present case, defendant argues that the State failed to prove he intended to commit a theft when he entered Venturi's car. Defendant contends that because (1) he did not take anything from the car, (2) did not try to conceal himself, and (3) "voluntarily left the vehicle

and its contents behind," the only reasonable inference to be drawn is that defendant had some motive other than theft for entering the car. Accordingly, defendant claims, the State did not prove the elements of burglary beyond a reasonable doubt.

¶ 21 We disagree. After reviewing the evidence in the light most favorable to the State, we conclude that the evidence was sufficient to support defendant's conviction for burglary.

¶ 22 Although defendant did not actually take anything from Venturi's car, the offense of burglary is accomplished "the moment an unauthorized entry with the requisite intent occurs even if no subsequent felony or theft is committed; there is no requirement that a defendant successfully complete the theft." *People v. Murphy*, 2017 IL App (1st) 142092, ¶ 13, 77 N.E.3d 96. Consequently, defendant's not taking the wallet from Venturi's car does not preclude a finding of guilt. See *People v. Roberts*, 189 Ill. App. 3d 66, 544 N.E.2d 1340 (concluding that the defendant's ransacking an office but taking nothing of significance did not show that the defendant convicted of burglary had not intended to commit a theft when entering building).

¶ 23 Intent may be inferred based on the totality of the circumstances, which include, "but are not limited to, the time, place, and manner of entry into the premises; the defendant's activity within the premises; and any alternative explanations offered for the defendant's presence." *People v. York*, 2020 IL App (2d) 160463, ¶ 17, 157 N.E.3d 1022.

¶ 24 Moreover, just because there *could be* other explanations for defendant's entry into Venturi's car does not mean the trial court was "required to search for any possible innocent explanation" of defendant's actions and "elevate [it] to the status of *** reasonable doubt." (Internal quotation marks omitted.) *People v. Smith*, 2021 IL App (5th) 190066, ¶ 69, 184 N.E.3d 315; see also *York*, 2020 IL App (2d) 160463, ¶ 18 ("An inference of intent does not require the trier of fact to look at all possible explanations consistent with the defendant's innocence or to be

satisfied that each circumstance was proved beyond a reasonable doubt.").

¶ 25        In the present case, the State presented evidence that showed on the night of November 25, 2020, defendant was observed by several witnesses going from car to car in the parking lot of an apartment complex attempting to open the car doors. Defendant entered several of the cars. One witness observed defendant taking a shirt or other garment out of the trunk of one of the cars and putting it on. Defendant was inside a white Kia when Easter arrived and was seen in a black Ford by Gaffney. Venturi's car was also ransacked with the doors opened and papers scattered about its interior. Further, upon seeing Gaffney, defendant fled immediately. The evidence also showed that defendant had taken cash, loose change, and other items out of cars belonging to Brewer and Davis.

¶ 26        In short, defendant expects us to believe that despite the fact that he (1) was observed stealing items from various unlocked cars in the parking lot of an apartment complex at night, (2) was caught by the police, and (3) fled from an open car, no reasonable person could have inferred that he entered Venturi's car with the intent to commit a theft. We emphatically disagree. Given the aforementioned evidence, the inference that defendant entered Venturi's car with the intent to steal is not only compelling but nearly compulsory. Accordingly, we conclude the State proved defendant guilty beyond a reasonable doubt of burglary to Venturi's vehicle.

¶ 27                            III. CONCLUSION

¶ 28        For the reasons stated, we affirm the trial court's judgment.

¶ 29        Affirmed.