THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEVIN THOMPSON, Defendant-Appellant.

Second District (2nd Division) No. 75-123

Opinion filed February 13, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Kevin Thompson, the defendant, appeals from a judgment entered on a jury verdict finding him guilty of armed robbery. He was sentenced by the Circuit Court of Winnebago County to a term of not less than 4 years and not more than 8 years. He appeals contending only that the trial court erred in refusing to instruct on the lesser included offense of robbery.

The defendant was charged by indictment with armed robbery in connection with an incident which occurred on December 19, 1973, at the Clark gas station, located at 2903 N. Main Street, Rockford, Illinois. Defendant was tried in a jury trial beginning June 26, 1974. Prior to trial, defendants' motion to suppress lineup identification was denied by the trial court when it found that the lineup procedure was not suggestive. However, his motion to suppress physical evidence (wearing apparel) was granted by the trial court because of an unconstitutional search.

The first witness called by the People at trial was John Brandon, Jr., who at the time of the alleged incident was an attendant employed by the Clark gas station. Mr. Brandon testified that at about 8 p.m. on December 19, 1973, while he was working, a black man he identified as the defendant entered the station and requested change with which to make a phone call. As Mr. Brandon made change, the robber asked for the remainder of the money which Mr. Brandon had in his possession. After the robber asked for the rest of the money, Mr. Brandon testified, "I saw his hand down at his side. I saw the front of what appeared to be a gun." The only part of the alleged gun that Mr. Brandon said he saw was "the barrel."

Mr. Brandon stated the alleged gun "was very well hidden" near the robber's side. According to Mr. Brandon, the robber told him to "give me the money before I put a hole in your head."

On cross-examination of Mr. Brandon the following colloquy took place:

"[Mr. Peterson] Now you said on direct examination that it appeared that he had a gun, did he keep it well hidden behind his coat?

[Mr. Brandon] Yes.

Q. Did he ever tell you he had a gun?

A. No.

Q. All you saw was some object that was sticking from his hand?

A. Yes.

Q. Did you ever see any other part of the gun or what you saw appeared to be a gun.

A. No."

Mr. Brandon further stated, "I didn't see much of it. I saw about two inches, what appeared to be a barrel sticking out." He also testified that he viewed the object alleged to be a gun barrel "just a matter of seconds," and after his initial look he did not remember seeing the object again.

After Mr. Brandon's testimony, the People called Rockford Police Task Force Officer Randy Molander. He testified he saw defendant on the morning of December 19; 1973, dressed in clothes similar to those worn by the alleged robber. Another State's witness, Mr. Kenneth Baker, testified he saw defendant at a bar between 8:30 and 9:30 p.m. on the evening of December 19, 1973. Mr. Baker further described defendant's apparel on that evening and said that defendant has asked him if he had heard about the rip-off at the Clark station.

The State's final witness was Mr. Robert Wayne Masters, an accomplice of the robber on the evening in question. Mr. Masters was granted immunity from prosecution for his alleged participation in the event in return for his testimony. On direct examination, Masters stated that he had lived with defendant during that time.

On the evening of December 19, 1973, Masters testified that he and defendant had been riding in Masters' car, that he parked the car behind the Clark gas station and that when defendant returned defendant said "I finally did it, I did it." Masters then drove the car to a parking lot by a hobby shop, Don Hobbies. At the hobby shop, Masters testified, defendant showed him the money he got and the gun which defendant then put into the trunk of the car. This was the same pistol which defendant owned. When defendant was ready to put the pistol in the trunk, he pulled the gun out from his pocket. According to Masters, defendant put the gun in the furnace ducts of their trailer following his arrest, and about a week later Masters took the gun to some friends who destroyed it.

The defendant testified in his own behalf at trial. He acknowledged that he had been with Mr. Masters on the evening of December 19, 1973, but denied that they had stopped at the Clark gas station in question stating that they went to a different station of North Second Street that evening.

With reference to the alleged pistol, the following colloquy took place on cross examination.

"Q. Did you have a gun at that time?
A. No.
Q. You didn't have a gun since May of 1972?
A. No."

Following defendant's testimony, the defense case was rested and a conference pertaining to any instructions was held. The court refused defendant's proposed instructions on the offense of robbery.

■■ In refusing to accept defendant's tendered instructions the court stated, "I do not disagree with the general proposition that robbery may be incorporated in the crime, a lesser crime than armed

robbery, but I think there is no evidence here of plain robbery. It's either armed robbery or nothing."

In a case tried by a jury it is the province of the jury to decide the guilt or innocence of the accused. It is equally the province of the jury to decide whether or not the accused is guilty of the crime charged, or of a lesser included offense, if there is any evidence which tends to prove the lesser rather than the greater crime. And the defendant is entitled to have submitted to the jury any defense which his testimony, or any other evidence tends to prove. The accused is entitled to the benefit of any defense based on the evidence even though such defense is inconsistent with his own testimony. *People v. Papas*, 381 Ill. 90, 96.

It is equally true that where the evidence shows the accused is either guilty of the higher offense or not guilty of any offense, an instruction on the lower offense is unnecessary and properly refused. 14A Ill. L.&Pr. *Criminal Law* §649 (1968); *People v. Bembroy*, 4 Ill. App. 3d 522, 525; 75 Am. Jur. 2d *Trial* §878 (1974).

■■ In the instant case, an examination of all the testimony indicates that the jury could have reached but two possible conclusions. The defendant was guilty of armed robbery or was guilty of no crime. From the State's evidence the defendant was unquestionably guilty of armed robbery. The complaining witness saw enough of the pistol to know it was a gun. He positively and unequivocally identified the barrel of a gun. In addition the defendant twice threatened to "put a hole in your head." Also, the testimony of the accomplice makes it clear that defendant had his gun on his person just moments after the armed robbery occurred. Defendant contends that he was never at the gas station. Thus there is no evidence in the record which would tend to indicate that an unarmed robbery occurred at the gas station in question. *Cf. People v. Elam*, 50 Ill. 2d 214, 220.

The judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.