THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT MONIGAN, Defendant-Appellant.

Third District   No. 3—90—0060

Opinion filed October 15, 1990.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Following a bench trial, the court convicted defendant, Robert Monigan, of home invasion, residential burglary, and aggravated battery (Ill. Rev. Stat. 1989, ch. 38, pars. 12—11(a)(2), 19—3(a), 12—4(b)(10)). The court thereafter sentenced him to concurrent prison terms of 30, 15, and 5 years, respectively. Defendant appeals.

The record shows that on September 2, 1988, 87-year-old Edna Pares was awakened early in the morning. She testified that she did not know what caused her to awaken but that when she did she moved to the foot of the bed. She was then struck in the face, knock-

ing her back into bed unconscious. After regaining consciousness, she tried to use her phone to call the police. However, she was bleeding so badly that the phone became clogged with blood. She then went to a neighbor's home and the police were called. Ms. Pares also testified that she did not see who hit her or what she was hit with.

Investigating officers testified that Ms. Pares' face was cut and swollen and she was bleeding from the nose and lips. Crime scene technician Gary Siebenthal testified that his search of Ms. Pares' home revealed an open window with a cut screen in a utility room. A latent fingerprint was found on the windowsill and a palm print was found on top of a washing machine. Outside the home, he found a shoe print in the mud under the victim's bedroom window and a palm print on that window.

Siebenthal also testified as an expert fingerprint and shoe-impression examiner. He stated that he had conducted tests on the evidence collected and concluded that defendant's prints matched those found on the window, the windowsill, and the washing machine. By comparing the impressions from defendant's shoes with a cast of the shoe print found in the mud, he also found that defendant's right shoe had made the impression in the mud.

Other evidence showed that on the night of the incident defendant was picked up by the police about 10 blocks from Ms. Pares' home. He was carrying a broomstick at the time. Following the admission of this evidence the State rested. Defendant did not present any evidence.

During closing arguments, the State argued that defendant had committed residential burglary when he entered Ms. Pares' home with the intent to commit an aggravated battery. The trial court agreed and thereafter convicted defendant on all three counts.

On appeal, defendant first argues that his conviction for residential burglary should be reversed. Specifically, he contends that the State failed to prove him guilty beyond a reasonable doubt, since it failed to show he entered the home with the intent to commit aggravated battery.

■■■ To sustain a conviction for residential burglary, the State is required to prove that the defendant unlawfully entered the victim's home with the intent to commit either a felony or theft therein. (*People v. Sehr* (1986), 150 Ill. App. 3d 118, 501 N.E.2d 848.) Because evidence of intent is usually not direct, it may be proved circumstantially by inferences reasonably drawn from the circumstances of the defendant's conduct. (*People v. Snow* (1984), 124 Ill. App. 3d 955, 464 N.E.2d 1262.) "In the absence of inconsistent circumstances, proof of

unlawful entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. (*People v. Loden* (1975), 27 Ill. App. 3d 761, 762, 327 N.E.2d 58, 60.) The inference is grounded in human experience which justifies the assumption that the unlawful entry was not purposeless, and in the absence of other proof, indicates theft as the most likely purpose. *People v. Rossi* (1969), 112 Ill. App. 2d 208, 212, 250 N.E.2d 528, 530." (*People v. Collins* (1977), 53 Ill. App. 3d 114, 119, 368 N.E.2d 685, 688.) Furthermore, whether the requisite intent existed is a question for the trier of fact, and the decision of the fact finder will not be overturned on appeal unless the evidence is contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of guilt. *People v. Sehr* (1986), 150 Ill. App. 3d 118, 501 N.E.2d 848.

In *Collins*, defendant entered a residence and appeared in the living room with a nylon stocking over his head and a metal object in his hand. He unsuccessfully attempted to prevent the escape of one of the residents and then fled without having taken any property. The evidence further established that a person believed to have been defendant had burglarized the residents a week before and taken from them $80. Lacking any contradictory circumstances, the court ruled that the evidence of defendant's intent to commit a felony (theft) was sufficient to support the jury's finding of guilt beyond a reasonable doubt on the charge of burglary. *Collins*, 53 Ill. App. 3d at 119-20, 368 N.E.2d at 688-89.

Similarly, we find that the evidence presented to the court here was sufficient to support defendant's conviction for residential burglary. In this case, the felony actually committed was aggravated battery committed upon a person over the age of 60 (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(10)). While the evidence showed that defendant stood outside the victim's bedroom window and might have seen her, no evidence was presented proving that he actually saw her prior to entering her home. Defendant argues that this weakness in the evidence entitles him to an acquittal. Were simple battery upon a person over age 60 the sole theory for the trial court's determination that defendant entered the residence with the intent to commit a felony, we might agree. In fact, however, the trial court, viewing the totality of the circumstances, concluded that defendant entered with the intent to cause great bodily harm to Ms. Pares, a woman in fact in her late 80's. Thus, even if defendant did not actually see his elderly victim before entering her home, the court's finding that he intended to cause her "great bodily harm" (Ill. Rev. Stat. 1989, ch. 38, par.

12—4(a)) is an inference amply supported by the evidence of record. As in *Collins*, it is not essential to a burglary conviction that the State prove the actual commission of the felony intended at the time of entry. Just as a burglary conviction will stand if the evidence establishes that defendant intended to commit a theft but his efforts were aborted once inside (*Collins*, 53 Ill. App. 3d 114, 368 N.E.2d 685), it will stand as well upon satisfactory proof that he intended to commit one felony (*e.g.*, to cause his victim great bodily harm) and succeeded in committing another (*e.g.*, battery upon a person over age 60), as here. We therefore affirm defendant's conviction for residential burglary.

Defendant next argues that his conviction for aggravated battery should be vacated since it violates the principles of "one act, one crime." Specifically, he argues that the aggravated battery conviction should be reversed because it was based on the same physical acts underlying the home invasion conviction.

■■ We note that in *People v. Gorney* (1985), 136 Ill. App. 3d 878, 483 N.E.2d 1298, we held that a conviction for aggravated battery could not stand where it was based upon the same act as that involved in the injury element of home invasion. Here, the two convictions were based upon the same act. Accordingly, pursuant to our authority under Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)), we reverse defendant's conviction for aggravated battery.

Defendant also argues that the cause must be remanded since the aggravated battery conviction may have improperly influenced the trial court's sentencing decision.

■■ We do not agree. The court sentenced defendant to the maximum prison terms for residential burglary and home invasion based on the presence of numerous aggravating factors, particularly his extensive history of criminality, which was recited in detail, and the total lack of any mitigating factors. It is clear from this record that the inclusion of the aggravated battery conviction did not influence the court's sentencing decision on the other offenses.

Accordingly, defendant's conviction for aggravated battery is reversed and the five-year sentence imposed for that offense is vacated. Defendant's convictions and sentences for residential burglary and home invasion are affirmed.

Affirmed in part; reversed in part; vacated in part.

SCOTT and STOUDER, JJ., concur.