THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD AUSTIN, Defendant-Appellant.

Second District   No. 2—89—0534

Opinion filed July 25, 1991.—Rehearing denied August 30, 1991.

DUNN, J., dissenting.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Defendant, Donald Austin, was found guilty in a jury trial conducted in the circuit court of Lake County of two counts of residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3) and was sentenced to a 30-year term of imprisonment to run consecutively with a 30-year sentence previously imposed for a separate, unrelated offense.

Defendant raises two issues on appeal: (1) whether the trial court erred by refusing to submit jury instructions regarding the offense of

criminal trespass to residence (Ill. Rev. Stat. 1985, ch. 38, par. 19—4); and (2) whether his sentence was excessive.

The indictment charged defendant, *inter alia*, with two counts of residential burglary. One count alleged that on or about July 23, 1986, defendant "knowingly and without authority entered into the dwelling place of Mary Jane Sparks, located at 3310 West 29th Street, Zion, Lake County, Illinois, with the intent to commit therein a theft." The other count was identical except that it alleged that defendant entered the home with the intent of committing an unlawful restraint.

At trial, Mary Jane Sparks testified that on July 22, 1986, after cleaning up following a dinner party, she took a shower because "it was very hot that night." A sliding glass door at the rear of the home was open to allow air flow through the room, as it was a "very very muggy" night. After taking a shower, she fell asleep on a living room couch at about 1:30 a.m. At about 2:30 a.m., she awoke and sensed a presence near her. Sparks realized that there was a man, who was not a family member, standing next to her. The man's knees were a few inches from her, and his face was about three feet from her eyes. The man was wearing yellow "Playtex-type" gloves. His right hand was near her mouth, and his left hand was moving toward the switch on a nearby lamp which was on at that time.

Sparks saw the man's face for about five seconds. While looking at him, she pulled the glove off his right hand and screamed to her husband that a man was in the house. The intruder then fled, exiting through the patio door. Sparks testified that the intruder never touched her, did not take anything from the home, and did not break anything in the home. She identified defendant as the intruder.

Other testimony revealed that a neighbor of Sparks observed a suspicious car parked in the neighborhood, wrote down the car's license plate number, and later saw a man run to the car, get in, and drive away. When the police arrived at the Sparks home a few minutes later, the neighbor gave them the license plate number of the car, which was registered to defendant. The police found defendant inside the car shortly thereafter about two miles from the Sparks home.

Defendant did not testify or offer any evidence in his behalf. In his opening statement and later in final argument his counsel argued that defendant was misidentified.

At the instructions conference, however, defendant submitted two proposed instructions concerning the offense of criminal trespass to a residence (Ill. Rev. Stat. 1985, ch. 38, par. 19—4), a Class A misdemeanor. The first instruction defined the offense. The second instruc-

tion stated that to sustain the charge of criminal trespass to residence, the State would have to prove defendant's guilt beyond a reasonable doubt. The trial court refused to give the instructions because it felt the evidence showed that defendant was either not guilty of any crime or guilty of residential burglary.

Initially, defendant contends that the trial court erred by refusing to submit to the jury his proffered instructions on the offense of criminal trespass to residence.

■ An accused cannot be convicted of an offense that was not charged unless the offense of which he is found guilty is a lesser-included offense of the one charged. (*People v. Schmidt* (1988), 126 Ill. 2d 179, 183, 533 N.E.2d 898.) Under *Schmidt*, an instruction on a lesser uncharged offense may not be given unless it is a lesser-included offense of the offense charged. (*People v. Booker* (1991), 214 Ill. App. 3d 286, 288.) A lesser-included offense is one whose elements are subsumed in the greater offense so that it is impossible to commit the greater offense without committing the lesser-included one. (*People v. Melmuka* (1988), 173 Ill. App. 3d 735, 736, 527 N.E.2d 982.) A person commits the offense of residential burglary if he or she knowingly and without authority enters another person's dwelling place to commit a theft or felony (Ill. Rev. Stat. 1985, ch. 38, par. 19—3; *People v. Monigan* (1990), 204 Ill. App. 3d 686, 688, 561 N.E.2d 1358) whereas a person commits the offense of criminal trespass to residence when without authority he or she knowingly enters or remains within any residence (Ill. Rev. Stat. 1985, ch. 38, par. 19—4). Thus, because the elements of criminal trespass to residence are subsumed in the offense of residential burglary, we conclude that criminal trespass to residence is a lesser-included offense of residential burglary.

■ However, although criminal trespass to residence is a lesser-included offense of residential burglary, the trial court is not necessarily required to give the tendered instructions. In *People v. Moore* (1990), 206 Ill. App. 3d 769, 565 N.E.2d 154, the defendants, who were convicted of residential burglary, argued that the trial court erred by refusing to instruct the jury on the lesser-included offense of criminal trespass to residence. In *Moore*, the appellate court, in affirming the circuit court, stated the appropriate rule as follows:

> "Although a defendant is entitled to instructions on lesser included offenses (*People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189), those instructions will be permitted only if the trier of fact can rationally determine that the evidence is insufficient to support a finding of not guilty of the greater offense, but sufficient for a finding of guilty of the lesser included of-

fense. (*People v. Balls* (1981), 95 Ill. App. 3d 70, 419 N.E.2d 571.) It is equally true that where the evidence shows that defendants are either guilty of the higher offense or not guilty of any offense, an instruction on the lesser included offense is unnecessary and properly refused. *People v. Thompson* (1976), 35 Ill. App. 3d 773, 776, 342 N.E.2d 445." *Moore*, 206 Ill. App. 3d at 774, 565 N.E.2d at 157.

Similarly, our supreme court has stated that "an included-offense instruction is required only in cases where the jury could rationally find the defendant guilty of the lesser offense and not guilty of the greater offense." *People v. Perez* (1985), 108 Ill. 2d 70, 81, 483 N.E.2d 250.

■ In this case, although nothing was taken from the residence and defendant did not touch Mary Jane Sparks, the jury could not have rationally convicted defendant of criminal trespass to residence and acquitted defendant of residential burglary. To prove intent to commit a theft or unlawful restraint, the State presented evidence that at 2:30 a.m. defendant entered the Sparks' residence through a rear door. Defendant was wearing rubber gloves on a hot, muggy July night. Defendant also had one hand near Mary Jane Sparks' mouth as his other hand reached to turn off the light. Defendant offered no evidence to refute this testimony. The only defense arising from the evidence and from defense counsel's arguments was misidentification. Defendant was either guilty of the offenses as charged or not guilty. Thus, the trial court properly refused defendant's instructions on the lesser-included offense.

The next issue defendant raises is that the sentence imposed was excessive in light of his background and character. Essentially, defendant contends that he received an extended-term sentence of 30 years' imprisonment to run consecutively with a previous sentence because the State portrayed defendant as a person with a criminal propensity to commit sex-related offenses. Defendant contends that if this propensity was the basis for the sentence which at his age, in effect, amounted to a life sentence, the State should have proceeded under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1989, ch. 38, pars. 105—1.01 through 105—12). This contention is meritless.

■ A sentence will not be altered on review absent an abuse of discretion by the trial court. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) An extended term may be imposed when a defendant is convicted of any felony after having been previously convicted in Illinois of the same or greater class felony when such conviction has occurred within 10 years after the previous conviction and such charges

are separately brought and tried and arise out of different series of acts. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(1).) A trial court may impose a consecutive sentence if, having regard to the nature and circumstances of the offense and history and character of the defendant, it is of the opinion that such a term is required to protect the public from criminal conduct by the defendant. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).

■ In this case, defendant was eligible for an extended-term sentence because he was previously convicted on January 23, 1987, of aggravated criminal sexual assault, residential burglary and unlawful restraint. We find no abuse of discretion in imposing the extended term. Further, the trial court found that a consecutive sentence was required to protect the public from defendant. We cannot say that the trial court abused its discretion in requiring that the sentence run consecutively in light of defendant's prior criminal history. Defendant was sentenced to 3 to 20 years in the Ohio Department of Corrections for a rape conviction; sentenced to one year's conditional discharge for disorderly conduct resulting from defendant using a stepladder to look into the second-story bedroom window of a teenage girl; and recently sentenced to terms of 30 years for aggravated criminal sexual assault, 15 years for residential burglary and 3 years for unlawful restraint. Based on a careful review of the record, we cannot conclude that the trial court abused its discretion.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT, J., concurs.

JUSTICE DUNN, dissenting:
I respectfully dissent because I believe the trial court committed reversible error by refusing to instruct the jury about the lesser-included offense of criminal trespass to residence. While the majority opinion correctly sets forth the applicable principles of law with regard to this issue, I disagree with the majority's application of those principles.

As the majority recognizes, the dispositive question in determining whether defendant was entitled to have the jury instructed on the lesser-included offense is whether a jury could rationally have acquitted defendant of the greater offense while convicting him of the lesser. It is obvious from the evidence that defendant was guilty of criminal trespass to residence. The majority goes on to conclude that

it is so clear from the evidence that the sole additional element of the offense of residential burglary, intent to commit a felony, was present that no rational jury could conceivably have concluded otherwise. I cannot agree.

The two residential burglary counts in the indictment charged that defendant intended to commit the offenses of theft and unlawful restraint when he entered the Sparks' residence. The evidence establishes doubt as to whether defendant intended to commit a theft when he entered the residence because, when Mary Jane Sparks awoke, defendant was standing over her rather than rummaging through the house looking for items to take. Furthermore, defendant did not take anything from the house. The jury could have rationally concluded from the evidence that defendant did not intend to commit a theft when he entered the home.

Although the evidence more strongly indicates that defendant intended to commit the offense of unlawful restraint when he entered the Sparks residence, a rational jury could have concluded to the contrary. Mary Jane Sparks testified that when she awoke, defendant was standing right by her with his hand a few inches from her mouth. The jury could have concluded from this testimony that if defendant had intended to restrain her or harm her he could have done so before she screamed for help. Instead, defendant did nothing for a few seconds and then ran out the back door without touching Sparks after she screamed and pulled the glove off his hand.

The reason a defendant is sometimes entitled to have a jury instructed on a lesser-included offense is that such an instruction "provides an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense." (*People v. Bryant* (1986), 113 Ill. 2d 497, 502, 499 N.E.2d 413.) I believe this "important third option" should have been presented to the jury in this case because it could have rationally concluded that defendant lacked felonious intent when he entered the Sparks home and was therefore guilty of criminal trespass to residence rather than residential burglary. I therefore respectfully dissent and would remand the cause for a new trial.