IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

**STATE OF TENNESSEE v. CLINT T. MELTON**

**Direct Appeal from the Criminal Court for Knox County**
**No. 67737, Ray L. Jenkins, Judge**

---

**No. E1999-02090-CCA-R3-CD**
**October 19, 2000**

---

The appellant was convicted of one count of aggravated robbery and one count of attempted aggravated robbery and received respective sentences of thirty years and fourteen years, to run consecutively. On appeal, he argues (1) the sufficiency of the evidence; (2) failure to instruct on the lessor offense of theft; (3) introduction of hearsay testimony; (4) the trial court=s refusal to permit introduction of photographs for identification purposes; and (5) misapplication of sentencing enhancement factor (11), the convicting felonies involved the threat of death or bodily injury and defendant had previous felony convictions resulting in death or bodily injury. After review, the judgments of conviction and sentences are affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court. JAMES CURWOOD WITT, JR., J. filed a separate concurring opinion, in which NORMA MCGEE OGLE, J., joined.

Susan E. Shipley, Knoxville, Tennessee, for the appellant, Clint T. Melton.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Mark A. Fulks, Assistant Attorney General, Randall E. Nichols, District Attorney General, and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The appellant, Clint T. Melton, was indicted by the Knox County Grand Jury in a multi-count indictment for the offenses of especially aggravated kidnapping, aggravated kidnapping, aggravated robbery, and attempt to commit aggravated robbery. Following a jury trial, the appellant was found guilty of one count of aggravated robbery, a class B felony, and one count of attempted aggravated robbery, a class C felony. The appellant was sentenced to thirty years for aggravated

robbery as a career offender and fourteen years for attempted aggravated robbery as a persistent offender. The trial court ordered the sentences to be served consecutively. On appeal, he raises the following issues:

I.  Whether there was insufficient evidence as a matter of law to support the verdicts;

II.  Whether the court erred in failing to instruct the jury on the lesser-included offense of theft;

III.  Whether the court erred in the admission of hearsay evidence relating to the appellant=s automobile license tag number;

IV.  Whether the court erred in denying the admission of photographs of the appellant=s tattoos; and

V.  Whether the court erred in the application of enhancement factor Tenn. Code Ann. ' 40-35-114(11).

After reviewing the record, we affirm the judgments of conviction and sentences entered by the trial court.


## Background

In August 1998, Shirley Anderson was employed at the Rocky Hill=s Beauty Salon in Knoxville as a beautician. She had worked the date of Saturday, August 1, but left early to have lunch with her granddaughter, Rachel Baird, and Rachel=s mother, Doris. At approximately 4:00 p.m., Ms. Anderson returned to the beauty salon accompanied by her granddaughter and Doris Baird in order that Ms. Anderson could tally up her daily business receipts. All three entered the business which, by this time, was closed for the day. Shortly thereafter, the appellant entered the salon and asked if he could get a haircut. Ms. Anderson told him that the salon was closed, and he left. Moments later, the appellant returned and asked when would the shop be open again. When Ms. Anderson told him not until Monday, the appellant replied, AGood, you ladies have a seat. I want your money.@ The appellant instructed, AEverybody sit down and nobody=ll get hurt.@ Ms. Anderson picked up her purse and put it on her shoulder. In doing so, she noticed her cellular phone inside her purse. At this point, Rachel, who was only twelve years old, became frightened and tried to escape through a doorway, but the appellant blocked her way. Ms. Anderson told the appellant that they did not have any money and that he should leave them alone. The appellant stated, ALady, do I have to come over there and cut that strap off your shoulder?@ Ms. Anderson noticed that the appellant, who was wearing surgical gloves, had what appeared to be a knife in his hands. Ms. Baird also observed the appellant holding Asomething sharp,@ what she thought was a knife. Ms. Anderson retrieved her cellular phone from her purse and began dialing 9-1-1. The appellant grabbed Ms. Baird=s purse which was located on a hair dryer seat and ran out the door. Doris Baird ran after the appellant and

Ms. Anderson followed. Ms. Anderson, realizing that the beauty salon door was unlocked, returned to the business.

The appellant got into a truck and drove off. Doris Baird flagged down a teenager, jumped in his car, and asked him to follow the appellant. The appellant was able, however, to elude his pursuers. As they were stopped at a red light, a lady from another car knocked on the window and gave Baird a license tag number. As the vehicle in which Ms. Baird was a passenger was turning around to return to the beauty salon, she observed a police car. Baird flagged down Officer Patricia Tipton and provided the officer with the license tag number she had just received from the unidentified motorist. Officer Tipton gave the information to the patrol officers on the scene at the salon. This information was then relayed to Detective Terry Clowers. As a result of the information he received, Detective Clowers located the truck and the appellant. Both Anderson and Baird identified the appellant as the perpetrator from a composite photo line-up. At trial, Anderson, Doris Baird and Rachel Baird identified the appellant as the robber.

## I. Sufficiency of the Evidence

First, the appellant challenges the sufficiency of the evidence to sustain a conviction for the aggravated robbery of Ms. Baird and attempted aggravated robbery of Ms. Anderson. When a challenge is made on appeal to the sufficiency of the convicting evidence, Tennessee Rule of Appellate Procedure 13(e) provides that findings of guilt Ashall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt.@ See also Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979). The jury conviction removes the presumption of innocence from the defendant and replaces it with one of guilt; thus, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992); cert.denied, 507 U.S. 954, 113 S.Ct. 1368 (1993). This court may not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict accredits the testimony of state=s witnesses and resolves all conflicts in favor of the state=s theory. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).

The appellant argues that his convictions were based solely upon the testimony of eyewitnesses who presented contradictory proof concerning the physical description of the perpetrator. The appellant points out that Shirley Anderson and Rachel Baird testified that the intruder was wearing sunglasses. However, Doris Baird did not recall the intruder wearing glasses. Doris Baird further stated that the appellant was wearing jeans. The appellant also contends that there is no physical evidence linking the appellant to these offenses. Thus, the appellant asserts that a rational trier of fact, could not have found that the State established, beyond a reasonable doubt, the identity of the appellant as the perpetrator. Jackson v. Virginia, 443 U.S. at 307, 99 S.Ct. at 2781.

In this case, the evidence established that Shirley Anderson and Doris Baird both identified the appellant from a police photographic line-up without hesitation. Additionally, notwithstanding some discrepancies in their testimony at trial, all three eyewitnesses made in-court identifications of the appellant.

> Inconsistency, inaccuracy and omissions in the description of a defendant by a witness who is otherwise able to positively identify the defendant are questions for the jury to consider in determining the weight to be given the testimony. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Further, although inconsistencies or inaccuracies may make the witness a less credible witness, the jury=s verdict will not be disturbed unless the inaccuracies or inconsistencies are so improbable or unsatisfactory as to create a reasonable doubt of the appellant=s guilt.

State v. Corey Lamont Radley, No. 01C01-9803-CR-00113 (Tenn. Crim. App. at Nashville, Jul. 15, 1999), perm. to appeal denied, (Tenn. Dec. 27, 1999 )(*for publication*). The proof in the record establishes that the appellant obtained control over the property of Doris Baird by the use of violence or by fear accomplished by the display of a deadly weapon, or reasonably believed to be a deadly weapon. Tenn. Code Ann. ' 39-13-402 (1997). Also, the proof establishes that the appellant acted with the intent to commit aggravated robbery of Ms. Anderson. See Tenn. Code Ann. ' 39-12-101(3)(1997); Tenn. Code Ann. ' 39-13-402. Moreover, the positive identification testimony of the witnesses established the appellant as the perpetrator of these offenses. Accordingly, we find the evidence is sufficient to support the finding that the appellant is guilty of aggravated robbery and attempted aggravated robbery beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v Virginia, 443 U.S. at 317, 99 S.Ct. at 2781.

## II. Instruction on Lesser Offense

Second, the appellant asserts that the trial court erred in failing to instruct the jury on the lesser-included offense of theft. It is undisputed that theft is a lesser-included offense of robbery and aggravated robbery. State v. Hayes, 7 S.W.3d 52, 56 (Tenn. Crim. App. 1999). This fact alone is not dispositive of whether error occurred. See generally State v. Burns, 6 S.W.3d 453 (Tenn. 1999). Determining whether a lesser-included offense must be charged in the jury instructions is a two-part inquiry. Burns, 6 S.W.3d at 469. First, the court must determine whether any evidence exists that reasonable minds could accept as to the application of a lesser-included offense. Id. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Id. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense. Id. at 467-69.

In this case, the evidence included the testimony of three eyewitnesses, all of whom testified that they were confronted by the appellant who displayed a knife-like object in his hand and demanded their money. Additionally, they all testified that the appellant threatened to cut Anderson=s purse from her body, before grabbing Baird=s purse and fleeing the establishment.

Aggravated robbery is the intentional or knowing theft of property from another person by violence or putting the person in fear when accomplished with a deadly weapon or any article used or fashioned to lead the victim to believe it to be a deadly weapon. Tenn. Code Ann. ' ' 39-13-401, 39-13-402. Robbery is, in effect, aggravated theft; that is, it is theft accomplished by violence or putting the person in fear.[1] Theft involves knowingly obtaining or exercising control over another person=s property without consent and with the intent to deprive the owner of the property. Tenn. Code Ann. ' 39-14-103.

Aggravated robbery, as charged in this case, is robbery accomplished by a deadly weapon. The proof establishes the elements of (1) violence or fear and (2) display of a deadly weapon. The appellant makes no effort to refute the existence of these elements; rather, he argues that he was not the perpetrator. The trial court is required under Burns to view the evidence in the light most favorable to the existence of the lesser included offense. Burns, 6 S.W.3d at 469. In other words, a defendant is entitled to have submitted to the jury any defense, which his testimony, or any other evidence tends to prove. It is equally true that where the evidence shows the accused is either guilty of the higher offense or not guilty of any offense, an instruction on the lower offense may be properly refused.[2]   See generally   Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443 () ; People v.

---

[1] The record reflects that the jury was charged as to the lesser offense of robbery.

[2] It would be illogical for an instruction on a lesser offense to be provided where the proof establishing the greater offense is undisputed. Thus, for example, we do not believe that Burns requires the trial court to charge Aassault,@ a lesser offense of murder, in a first degree murder prosecution when the proof is undisputed that the victim is deceased. Likewise, the trial court is not required to instruct the jury on misdemeanor theft (value under $500) where the only evidence of value as to the items allegedly stolen by the defendant showed those items to be worth an amount in excess of the statutory minimum required for felony theft. This is not to advocate an Aall or nothing@ approach. Rather, this approach, in effect, provides a verdict no harsher or more lenient than the evidence merits, and protects the jury=s truth ascertainment function. See People v. Breverman, 960 P.2d 1094 (Cal. 1998). Just as the prosecution has no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, a defendant has no right to an

Thompson, 342 N.E.2d 445 (Ill. App.1976); Rousseau v. State, 855 S.W.2d 666 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313 (1993); 75B AM. JUR.2D *Trial* ' 1428 (2d ed. 1992 & Supp. 2000). The facts presented in the present case are analogous to those in People v. Thompson. In rejecting the lesser included offense of theft, the court in Thompson concluded:

> In the instant case, an examination of all the testimony indicates that the jury could have reached but two possible conclusions: the defendant was guilty of [aggravated robbery and attempted aggravated robbery] or was guilty of no crime. From the state≠s evidence, the defendant was unquestionably guilty of [aggravated robbery and attempted aggravated robbery]. Defendant contends that he was never at the [beauty salon]. Thus, there is no evidence in the record which would tend to indicate that a theft occurred at the [beauty salon].

Thompson at 448. We find this rationale applicable to the instant case and consistent with Burns.

For these reasons, the second inquiry of Burns, *i.e.*, that the evidence is legally sufficient to support a conviction for the lesser included offense has not been met. Accordingly, we find the trial court did not err in refusing to instruct the jury as to the offense of theft. This issue is without merit.

### III. Admissibility of Hearsay

Third, the appellant contends that the trial court erred in admitting hearsay evidence concerning the appellant≠s license tag number. In determining whether a statement is hearsay, the court must consider whether the statement is offered in evidence to prove the truth of the matter asserted. Tenn. R. Evid. 801. If it is not used to prove the truth of the matter asserted, the

acquittal when that evidence is sufficient to establish a lesser included offense. Id. Moreover, the duty to instruct on a lesser offense is not restricted by trial theories or tactics that the defendant has pursued. Thus, the duty to instruct on a lesser included offense may arise even when inconsistent with the proof presented by the defense. Id. For example, where a defendant presents a complete defense, such as alibi, to the substantive elements of the offense charged, an instruction as to any lesser offense should be given if, based on the evidence adduced by the State, a trier of fact can find for the defendant on some element of the greater offense which is not required to prove the lesser offense, and for the State on elements required to prove the lesser offense. See State v. Keenan, 689 N.E.2d 929 (Ohio), *cert. denied,* 525 U.S. 860, 119 S.Ct. 146 (1998).

information regarding the tag number can properly be admitted as nonhearsay. Neither the license plate number of the truck driven by the appellant nor the paper provided to Ms. Baird by the unknown motorist was introduced into evidence. Rather, Ms. Baird and the investigating officers testified as to their actions based upon the receipt of this information from the unidentified motorist. Clearly, this evidence was not introduced to prove the truth of the matter asserted. Accordingly, the evidence is nonhearsay and was properly admitted by the court. This issue is without merit.

## IV. Admissibility of Photographs

During his case in chief, the appellant sought to introduce photographs which revealed the presence of distinctive tattoos above each of the appellant=s knees. The photographs of the tattoos were taken four days prior to trial. The State objected to their admission upon grounds that the appellant had not laid a proper foundation. Specifically, the State argued that the appellant had not established that he had the tattoos on the date of the offenses. The trial court sustained the State=s objection. No further efforts were made by the appellant to have the photographs admitted into evidence. For this reason, the appellant may not now complain of their exclusion. Tenn. R. App. P. 36(a) (relief not required to party responsible for an error or who failed to take whatever action reasonably available to prevent or nullify effect of error).

Moreover, even had a proper foundation been laid, the proof fails to establish the relevancy of the photographs. The appellant argues that the photographs were relevant in challenging the credibility of the eyewitnesses=identification of the appellant as the perpetrator. However, no proof was introduced during the trial that the appellant=s legs were exposed at any time during the offenses. Ms. Baird testified that the appellant was wearing jeans. Her daughter, Rachel, did not provide any description of the appellant=s clothing. Finally, although Ms. Anderson admitted on cross-examination that she had reported to the 911 operator that she Athought@ the appellant was wearing shorts, she explained that AI was not looking at the man. I was more looking at his face.@ Absent proof that the appellant was wearing shorts at the time of the perpetration of the offenses, we fail to find how introduction of the photographs was relevant. See Tenn. R. Evid. 401, 402. This issue is without merit.

## V. Application of Enhancement Factor Tenn. Code Ann. ' 40-35-114(11)

In his final issue, the appellant challenges the length of his sentence due to the alleged misapplication of enhancement factor (11) which permits sentence enhancement if the felony for which the appellant was convicted involves the threat of bodily injury to another person and the appellant has previously been convicted of a felony that resulted in death or bodily injury. See State v. Makoka, 885 S.W.2d 366, 373 (Tenn.Crim.App.1994); Tenn.Code Ann. ' 40-35-114(11) (1997). When an appellant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. ' 40-35-401(d). This presumption, however, Ais conditioned upon the affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances.@ <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

Although the appellant=s conduct in the present case Athreatened@ bodily injury to a person other than the victim, *i.e.*, Rachel Baird, the State failed to establish that the appellant has been previously convicted of a felony that resulted in death or bodily injury. The State introduced into evidence the appellant=s prior conviction for the felony offense of rape, however, no other proof was introduced to establish that the rape resulted in death or bodily injury. We acknowledge that rape is a serious offense, notwithstanding, bodily injury is neither inherent within the offense of rape nor a necessary element of the offense of rape. <u>See</u> Tenn. Code Ann. ' 39-13-403(a)(1997). Without proof of bodily injury, the trial court erred in using this factor to enhance the appellant=s sentences for aggravated robbery and attempted aggravated robbery.

Notwithstanding the erroneous imposition of factor (11), one enhancement factor, Tenn. Code Ann. ' 40-35-114(1), previous criminal history, remains. This factor is entitled to great weight as the record reflects that the appellant has been incarcerated for the majority of his adult life. Indeed, he was only released from confinement five months from the date of his arrest on the instant offenses. His criminal history includes, *inter alia*, two rapes, two armed robberies, two burglaries, an assault and battery, and felony escape. The trial court correctly determined that no mitigating factors were applicable. When the sentencing court finds only enhancement factors applicable without any mitigating factors present, the court may set the sentence above the minimum in the range but still within the range. <u>See</u> Tenn.Code Ann. ' 40-35-210(d). Thus, due to the great weight afforded to enhancement factor (1), we conclude that the appellant's sentences are justified. This issue is without merit.

The judgments of conviction and sentences are affirmed.

_____
DAVID G. HAYES, JUDGE